[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE APPORTIONMENT COMPLAINT
In this case, plaintiff Ramona Tito, as administratrix of the estate of her late son, Neil Carter, has sued defendants James Burghoff, Tabor Burghoff, Matthew Burghoff, Debra Hart and Philip Londgchamps for money damages in connection with the November 3, 1995 automobile accident which resulted in her son's death. The accident is claimed to have resulted from the intoxication of one William E. Noyce, Jr., who drove his vehicle across the centerline of Grove Street in New Milford, colliding head-on with the oncoming vehicle in which Mr. Carter was a passenger, after the defendants, or one or more of them, negligently served, supplied or provided him with drugs and/or alcoholic beverages.
On July 24, 1996, exactly 85 days after the April 30, 1996 return date on the plaintiff's original complaint, defendants James Burghoff, Tabor Burghoff and Matthew Burghoff moved this Court to grant them an extension of time to file an apportionment complaint under Public Act 95-111, now codified as General Statutes § 52-102b,[1] against the estate of Bryan Haag, the driver of the decedent's vehicle, who also died in the accident. In support of this motion, the Burghoffs represented that they could not yet serve their apportionment complaint because the probate court had not yet appointed an administrator for Mr. Haag's estate. On August 5, 1996, the above-described motion was denied on the ground that there is no provision in the controlling statute authorizing an extension of time to file an apportionment complaint.
Between the date of the denial of the Burghoffs' motion for extension of time and August 28, 1996, when the 120-day statutory period for filing an apportionment complaint came to an end, the probate court appointed two persons to administer Bryan Haag's estate. Despite the removal of this impediment to the service of their apportionment complaint, the Burghoffs took no further action to implead the estate before the deadline was reached.
Two months later, however, on October 30, 1997, the Burghoffs finally served an apportionment complaint upon the estate of Bryan Haag, through its administrator and administratrix, William A. Haag and Diane Tancredi. Thereafter, on November 18, 1996, without first moving to dismiss the apportionment complaint, the plaintiff moved to strike that complaint on the ground that it CT Page 5498 had not been served within 120 days of the return day specified in the plaintiff's original complaint, as required by General Statutes § 51-102b. Arguing that that statute, on its face, makes mandatory the timely service of an apportionment complaint, the plaintiff contends that it must be stricken because the Court lacks subject-matter jurisdiction to entertain it.
In response to the plaintiff's motion to strike, the Burghoffs make three separate arguments why their apportionment complaint should not be stricken even though it was admittedly filed more than 120 days after the return day of their original complaint. First, they claim that the plaintiff lacks standing to pursue her motion because the apportionment complaint here challenged was not directed against the plaintiff. Second, they argue that the plaintiff's challenge to the timeliness of their apportionment complaint cannot properly be presented in a motion to strike because its resolution depends upon facts outside of the challenged pleading. Third, they assert that even if the plaintiff may properly challenge the timeliness of their apportionment complaint by a motion to strike, she cannot prevail on that challenge because the apportionment complaint was timely served long before the two-year limitations period for negligence actions was due to expire.
 I
The motion to strike replaced the demurrer in our practice. Its function, like that of the demurrer, is to test the legal sufficiency of a pleading. See Ferryman v. Groton, 212 Conn. 138,142 (1988).
In judging a motion to strike, the court must presume that all of the factual allegations of the challenged pleading are true, and must give them "the same favorable construction as a trier would be required to give in admitting evidence under them." Id. "[I]f facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail" even though facts outside of the pleadings may flatly disprove them or otherwise render them legally insufficient to establish a valid claim or defense. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990); Fraser v.Henringer, 173 Conn. 52, 60 (1977).
II CT Page 5499
The defendants' initial basis for opposing the plaintiff's motion to strike is that the plaintiff lacks standing to pursue it because the pleading therein challenged was directed not at her, but at an unrelated third party. For the following reasons, this truncated, wholly unsupported portion of the defendant's argument must be rejected.
"Standing depends, in the first instance, upon a party's proof of aggrievement." AFSCME Council 4, Local 681, AFL-CIO v.West Haven, 43 Conn. Sup. 470, 481, aff'd 234 Conn. 217 (1995). To prove aggrievement, a party must satisfy the following two-part test:
 First, . . . [that she has] a "specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concerns of all members of the community as a whole." Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89 (1974)[; and] . . . Second, . . . that this specific, personal and legal interest has been injuriously affected by the challenged action. Id., 51.
AFSCME, Council 4, Local 681, AFL-CIO v. West Haven, supra.
Applying the foregoing test to the claim herein presented, it is apparent that the plaintiff has standing to pursue her motion to strike. The plaintiff's interest in the pendency and legal sufficiency of the defendants' apportionment complaint is no mere "general interest, such as is the concern of all members of the community as a whole." Nader v. Altermatt, supra. Rather, it is a specific, personal and legal interest in a matter that may substantially affect her ability to recover damages in this case. If the defendants prove their claim against the apportionment defendants, the result will be a diminution in the size of any damages award the plaintiff may recover from the defendants. If, on the other hand, they either fail to prove their claim or are legally disenabled from pursuing it due to the late service of their apportionment complaint, the plaintiffs' damages award against the defendants will not be subject to reduction due to the negligence of the apportionment defendants' decedent. Against this background, there is no question that the plaintiff is vitally interested in the outcome of any challenge to the legal sufficiency of the defendants' apportionment complaint. Because CT Page 5500 she would be "injuriously affected" by the rejection of such a challenge, she has standing to pursue it under our law.
 III
The defendants' second basis for opposing the plaintiff's motion to strike is that the motion is improperly based upon facts not alleged in the challenged pleading. For the following reasons, the Court agrees with the defendants' assertion, and thus denies the plaintiff's motion.
The claim herein advanced is that the defendants failed to serve their apportionment complaint within 120 days of the return day specified in the plaintiff's original complaint, as required by General Statutes § 52-102b. To prevail on this claim on a motion to strike, the plaintiff must demonstrate that all of the facts underlying the claim are expressly pleaded in or necessarily to be implied from other facts pleaded in the apportionment complaint itself.
On its face, the apportionment complaint does not expressly identify the return day on the plaintiff's original complaint. It does, however, state facts from which that date can be determined, to wit: that a true copy of the plaintiff's "underlying complaint" has been attached to the apportionment complaint as Exhibit A. The underlying complaint, so attached to the challenged pleading, lists a return day of April 28, 1996.
The apportionment complaint does not, however, plead any facts from which the date of its own service upon the apportionment defendants can necessarily be implied. It is dated, to be sure, October 28, 1996, and it contains a signed certification of service upon other counsel of record of even date. These entries on the challenged pleading, however, do not constitute allegations of substantive fact. Even if they could be so considered, they would afford no non-speculative basis for inferring when, at the earliest, the apportionment defendants were served with the challenged pleading. In short, since the timeliness of service of the apportionment complaint cannot be ascertained from the face of that pleading, the plaintiff's motion to strike on grounds of untimeliness must be denied.
 IV
The Court is well aware that the claim herein presented CT Page 5501 contests its subject-matter jurisdiction over the apportionment complaint. Because, however, the record now before it is incomplete, the Court declines to decide that issue at this time without a proper motion to dismiss accompanied by an affidavit setting forth all relevant facts on which resolution of the issue depends.
The Court therefore orders all parties having interests affected by the Burghoffs' apportionment complaint to file appropriate motions, affidavits and/or briefs concerning the Court's subject-matter jurisdiction over the claim therein presented on or before June 9, 1997. Reply briefs, if any, are to be filed on or before June 16, 1997, so that oral argument on the issue of subject-matter jurisdiction can be conducted on June 23, 1997.
It is so ordered this 27th day of May, 1997.
SHELDON, J.