[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (#191)
This case arises as a result of injuries sustained by the plaintiff when she fell on a dance floor while attending a wedding. The Red House was a defendant in the original action. Subsequently, the plaintiff withdrew her case against The Red House. The defendant Redway Enterprises, by motion dated July 7, 1997 and entitled "Motion to Cite in Defendant for Apportionment Purposes" sought to again make The Red House a defendant "so that a complete assessment of the percentage of responsibility of all parties can be made pursuant to General Statutes § 52-572h." This motion was granted by the court, Arena, J., on July 21, 1997.
The plaintiff now moves to strike the apportionment complaint, grounded in negligence, filed by the defendant, Redway Enterprises, against whom the plaintiff has asserted a product liability claim. In her motion, the plaintiff claims that a claim brought pursuant to General Statutes § 52-572m is not subject to apportionment under General Statutes § 52-572h.
"A motion to strike challenges the legal sufficiency of a pleading." WestPort Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco. Corp., 231 Conn. 381, 383 n. 2 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Finally, in passing upon a motion to strike, the trial court may only consider the grounds specified in the motion. Blancato v.Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987).
At the outset, the court finds that the plaintiff has standing to challenge the legal sufficiency of an apportionment complaint filed by a defendant against a third party. Tito v. Burghoff,
Superior Court, judicial district of Litchfield, Docket No. 70643 (May 27, 1997) (19 Conn. L. Rptr. 561, Sheldon, J.).
The plaintiff, in support of her motion, relies on Paul v.McPhee Electrical Contractors, 46 Conn. App. 18, (1997) which held that "a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h. By its plain language, General Statutes § 52-572h applies only to negligence actions. Donner v. Kearse,234 Conn. 660, 669, 662 A.2d 1269 (1995). CT Page 8337
This court finds that the apportionment complaint at issue in the instant motion to strike has been brought under General Statutes § 52-572h. Since this action is a product liability action, brought pursuant to § 52-572m, an action for apportionment brought pursuant to § 52-572h does not lie. Donner v. Kearse,
supra, 234 Conn. 669. See also Gadarowski v. Sabrina Pools, Inc.,
Superior Court, judicial district of Windham at Putnam, Docket No. 54231 (July 24, 1997) (Sferrazza, J.).
Accordingly, for the foregoing reasons, the motion to strike is hereby granted.
It is so ordered. BY THE COURT: DAVID L. FINEBERG, SUPERIOR COURT JUDGE