[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 117)
The apportionment defendant in this personal injury case has moved to strike apportionment complaint based on Paul v. McPheeElectrical Contractors, 46 Conn. App. 18, 698 A.2d 354 (1997). Because Paul is squarely applicable, the motion must be granted.
The underlying facts are as follows. Donald J Gargano ("Gargano"), the first-party plaintiff, commenced this action in 1996 against Entoleter, Inc. ("Entoleter"). Gargano claims that in 1994 he was a truck driver and was dispatched by his employer to Entoleter's premises to pick up a load of material. The door to Entoleter's premises was blocked by a stainless steel drum. Gargano attempted to push the drum out of the way. As he pushed against the drum, his right hand and arm were severely cut by the CT Page 150 jagged upper edge of the drum. Gargano alleges his one count complaint that his injuries were caused by Entoleter's negligence in having the drum on its premises in a dangerous condition and in failing to warn him of its dangerous condition.
In January 1997, Entoleter filed an apportionment complaint against Thypin Steel Co. ("Thypin"). Entoleter alleges in its apportionment complaint that if Gargano sustained any injuries in the incident in question, they were caused by Thypin's negligence in that it provided the drum in a dangerous condition, failed to inspect the drum, failed to remedy its dangerous and defective condition and failed to warn Gargano of that condition. Entoleter claims an apportionment of liability pursuant to 1995 Conn. Acts 95-111 (codified at Conn. Gen. Stat. § 52-102b (1997)).
On October 13, 1997, Thypin filed the motion to strike now before the court. Thypin claims that Entoleter's allegations in its apportionment complaint are, on their face, allegations of products liability and that, under Paul, the apportionment sought is not available. The motion was heard on January 5, 1998.
Paul holds that, pursuant to Conn. Gen. Stat. § 52-102b, a defendant sued in negligence cannot implead an apportionment defendant under a product liability theory. The plaintiff in Paul
was struck in the head by a light fixture that fell from the ceiling of the Foxwoods Casino. She sued the contractor that had installed the light fixture. The contractor impleaded the seller and the manufacturer of the light fixture. The Appellate Court held that the trial court properly granted a motion to strike the apportionment complaint. The Court reasoned that "a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h."46 Conn. App. at 21. The apportionment defendants in Paul were "liable, if at all, only under § 52-572m et seq., the Product Liability Act. A product liability claim is exclusively controlled by § 52-572m et seq., and thus can never be a claim arising under § 52-572h." Id.
The apportionment complaint in Paul expressly proceeded on a product liability theory. 46 Conn. App. at 20 n. 6. The apportionment complaint here does not. Entoleter alleges common law negligence alone. Connecticut law makes it clear, however, that this is a distinction without a difference. Our Supreme Court has squarely held that the Product Liability Act provides the exclusive remedy for a claim falling within its scope, CT Page 151 thereby denying a claimant the option of bringing common law causes of action for the same claim. Winslow v. Lewis-Shepard,Inc., 212 Conn. 462, 562 A.2d 517 (1989). Entoleter's claim that Thypin provided the drum in a dangerous and defective condition and failed to warn Gargano of that condition is plainly a product liability claim as that term is defined in Conn. Gen Stat. §52-572m(b). The statute just cited expressly provides that the term "product liability claim" includes, inter alia, "all actions" based on a theory of "negligence." The question underPaul is whether the apportionment complaint is brought "under a product liability theory." 46 Conn. App. at 19. The answer to that question in this case is plainly in the affirmative.
Entoleter does not dispute the proposition that its claim against Thypin is a product liability claim under the Winslow
doctrine. It argues, however, that the reasoning of Paul does not apply to the present case because of the nature of Gargano's first-party claim. Gargano's claim, like Entoleter's, is phrased in terms of common law negligence alone. On this issue, however, Paul is directly on point. While Paul does not expressly describe the nature of the first party complaint in that case, a review of the record in Paul discloses that the first-party complaint inPaul, like the first-party complaint here, was phrased in terms of common law negligence alone. See Complaint ¶ 5, filed inPaul v. McPhee Electrical Contractors (New London J.D. July 17, 1995). Moreover, the Appellate Court describes the issue presented in Paul as whether "a defendant sued in negligence
[can] implead apportionment defendants under a product liability theory" 46 Conn. App. at 19. (Emphasis added.)
For the reasons described above, Paul is directly applicable to the present case. The motion to strike must consequently be granted.
Jon C. Blue Judge of the Superior Court CT Page 152