[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE THE APPORTIONMENT COMPLAINT (#107)
On September 9, 1997, the plaintiff, Cynthia Plateroti filed a one count complaint against the defendant, Sylvan Knoll Section I, Inc., sounding in negligence. This action arises from Cynthia Plateroti's (Plateroti) claim that she fell and injured herself when she sat on a playground swing that broke. Plateroti alleges that Sylvan Knoll Section I, Inc. (Sylvan Knoll) is liable for her injuries pursuant to General Statutes § 52-572h because of their carelessness and negligence.
On January 21, 1998, Sylvan Knoll filed a one count apportionment complaint against Creative Playthings, LTD (Creative Playthings). The following facts are alleged in the apportionment complaint: Creative Playthings manufactured and sold the playground equipment to Sylvan Knoll that caused Plateroti's injuries. The injuries that Plateroti received were due in whole or in part by Creative Plaything's negligence in that it failed to warn potential users of latent defects, failed to test the swing chain in question, and designed and manufactured the swing set in such a way as to create a defect. Sylvan Knoll claims an apportionment of liability against Creative Playthings pursuant to General Statutes §§ 52-102b
and 52-572h.
On April 3, 1998, Creative Playthings filed the present motion to strike Sylvan Knoll's apportionment complaint, motion #107 with a supporting memorandum of law. Creative Playthings moves to strike Sylvan Knoll's apportionment complaint on the ground that it improperly seeks apportionment of liability based upon product liability claims.
On May 5, 1998, Sylvan Knoll filed a memorandum of law in opposition to Creative Playthings motion to strike. Sylvan Knoll argues that the apportionment complaint is not based upon a product liability claim, rather it is based upon Creative Playthings negligence and carelessness which are not subsumed by the Product Liability Act, General Statutes § 52-572m. CT Page 10956
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
General Statutes § 52-102b(a) provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability . . ." Subsection (f) of § 52-102b further provides: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action."
In Paul v. McPhee Electrical Contractors, 46 Conn. App. 18,21, 698 A.2d 354 (1997), the Appellate Court held, "the statute [§ 52-102b] unambiguously provides that a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h . . . A product liability claim is exclusively controlled by § 52-572m
et seq., and thus can never be a claim arising under § 52-572h." Id.
Although Sylvan Knoll claims that its apportionment complaint alleges that Creative Playthings is liable pursuant to § 52-572h
for their negligence and carelessness, and not pursuant to the Products Liability Act § 52-572m, "Connecticut law makes it clear . . . that this is a distinction without a difference. Our Supreme Court has squarely held that the Product Liability Act provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim." Gargano v. Entoleter,Inc., Superior Court, judicial district of New Haven, Docket No. 391522 (January 8, 1998, Blue, J.) (21 Conn. L. Rptr. 115). See also Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517
(1989).
Products liability claims, "[include] all claims or actions brought for personal injury, death or property damage caused by CT Page 10957 the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572m(b). See also Gargano v. Entoleter, supra, Superior Court, Docket No. 391522.
Sylvan Knoll's claims in its apportionment complaint that Creative Playthings failed to warn potential users of latent defects, failed to test and inspect the swing set, and designed and manufactured the swing set in such a way as to create a defect are all product liability claims.
Accordingly, Sylvan Knoll may not implead Creative Playthings as an apportionment defendant pursuant to § 52-102b. The court grants Creative Playthings' motion to strike the apportionment complaint.
KARAZIN, J.