## CARLA PAUL *v.* MCPHEE ELECTRICAL CONTRACTORS
### (AC 16153)

Lavery, Spear and Koletsky, Js.

Argued March 21—officially released July 29, 1997

*Patrice S. Noah,* for the appellant (defendant).

*Michael E. Driscoll,* with whom, on the brief, was *Doreen A. West,* for the appellees (apportionment defendants).

*Opinion*

KOLETSKY, J. The defendant appeals from the judgment of the trial court granting the apportionment defendants' motion to strike the apportionment complaint. On appeal, the defendant claims that the trial court improperly held that (1) pursuant to General Statutes § 52-102b,[1] a defendant sued in negligence could not implead apportionment defendants under a product liability theory, and (2) pursuant to the Product Liability Act, General Statutes § 52-572m et seq., the defendant was not a "product seller" and thus the defendant had no right to implead third party defendants for indemnification purposes.[2] We affirm the judgment of the trial court.

The underlying facts are as follows. The plaintiff, Carla Paul, was struck in the head by a light fixture that fell from the ceiling of the Foxwoods Casino, a building located on reservation land of the Mashantucket Pequot Tribe. The plaintiff made a claim against the tribe in the tribal court. She also brought a claim in Superior Court against the defendant, McPhee Elec-

---

[1] General Statutes § 52-102b provides in pertinent part: "(a) A defendant in any civil action to which section 52-572h [the negligence actions section] applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. . . . The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h." General Statutes § 52-102b is applicable to civil actions filed on or after July 1, 1995. This is the first opportunity for our court to construe § 52-102b.

[2] In his brief, the defendant also claimed that the trial court improperly found that an apportionment defendant has standing to object to an apportionment complaint. The defendant withdrew this claim at oral argument.

trical Contractors, which had installed the light fixture in question.[3] The defendant impleaded Lighting Affiliates Ltd., the seller of the light fixture, and Lightolier Company, Inc., the manufacturer of the light fixture. The defendant did not move for permission to implead under General Statutes § 52-102a,[4] but served an apportionment complaint on the apportionment defendants pursuant to General Statutes § 52-102b.[5] In the apportionment complaint, the defendant claimed that pursuant to the Product Liability Act,[6] the apportionment defendants were liable for an apportionment of damages claimed by the plaintiff, as well as for indemnification. The apportionment defendants moved to strike the apportionment complaint. The trial court granted the apportionment defendants' motion to strike. This appeal followed.

I

The defendant claims that the trial court improperly held that, pursuant to § 52-102b,[7] a defendant in a negligence claim brought under General Statutes § 52-572h cannot implead apportionment defendants on the basis of a product liability theory. We are unpersuaded.

---

[3] We note that recovery for pain and suffering in the Mashantucket Pequot Tribal Court is limited to 50 percent of "actual damages sustained." Sovereign Immunity Waiver Ordinance, IV M.P.T.L. Ch. 1, § 5 (d).

[4] General Statutes § 52-102a (a) provides: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."

[5] See footnote 1.

[6] Paragraph 5 of the apportionment complaint stated: "The apportionment defendant is liable and legally responsible for the plaintiff's injuries, pursuant to [the Product Liability Act] General Statutes § 52-572m, et seq. . . ."

[7] See footnote 1.

Subsection (a) of § 52-102b provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable *pursuant to said section* for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . ." (Emphasis added.) Subsection (f) of § 52-102b further provides: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." Thus, the statute unambiguously provides that a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h.

Here, the defendant attempted to use § 52-102b to implead apportionment defendants liable, if at all, only under § 52-572m et seq., the Product Liability Act. A product liability claim is exclusively controlled by § 52-572m et seq., and thus can never be a claim arising under § 52-572h. See General Statutes § 52-572n (a);[8] *Winslow* v. *Lewis-Shepard, Inc.*, 212 Conn. 462, 469–71, 562 A.2d 517 (1989); *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 570–72, 512 A.2d 893 (1986).

We are not called upon to decide whether it would be good policy to permit negligence defendants to implead apportionment defendants on product liability theories. What we are called upon to do is to construe a statute, and "[w]e must construe the act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions.

---

[8] General Statutes § 52-572n (a) provides: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."

. . . Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Manson*, 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986).

Section 52-102b is clear and unambiguous. Section 52-102b sets forth its exclusive application for apportionment purposes and restricts its applicability to claims under § 52-572h. The defendant's apportionment complaint is not within the ambit of the statutory parameters. We conclude, therefore, that the trial court properly granted the motion to strike the apportionment complaint.[9]

## II

The defendant next argues that the trial court improperly held that he had no right to implead third party defendants for indemnification under General Statutes § 52-577a (b). The defendant specifically argues that he qualifies as a "product seller" under the Product Liability Act, and thus, under that act, he has the right to implead third party defendants for indemnification. We disagree.

[9] The defendant further argues that it would be possible to try issues of product liability theory, often themselves based on negligence concepts, in a negligence action. The defendant argues that the differences in the rules applicable to the two theories could be explained adequately in the trial court's instructions to the jury. This, beyond cavil, is true. As explained above, however, it is not our task to improve on legislation in accordance with our personal predilections. See *Johnson* v. *Manson*, supra, 196 Conn. 315. "It is our duty to apply the law, not to make it." *Commissioner of Administrative Services* v. *Gerace*, 40 Conn. App. 829, 833, 673 A.2d 1172 (1996), appeal dismissed, 239 Conn. 791, 686 A.2d 993 (1997) (certification improvidently granted).

Section 52-577a (b) provides that in any product liability claim "a product seller may implead any third party who is or may be liable for all or part of the claimant's claim . . . ." A "product seller" in a product liability case is defined in General Statutes § 52-572m (a) as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is *engaged in the business of selling such products* whether the sale is for resale or for use or consumption. The term 'product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." (Emphasis added.)

Here, the defendant *installed* the light fixture at issue. Nowhere is it alleged that the defendant was in the business of selling or leasing light fixtures, or was engaged in the bailment of such light fixtures, or was involved in placing light fixtures into the stream of commerce. See *Rodia* v. *Tesco Corp.*, 11 Conn. App. 391, 396, 527 A.2d 721 (1987). The defendant, thus, was not a product seller as that term is defined in § 52-572m (a) and used in § 52-577a (b). We conclude, therefore, that under § 52-577a (b), the defendant did not have the right to implead third party defendants for indemnification purposes, and thus the trial court properly struck the indemnification claim contained in the defendant's apportionment complaint.[10]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] We do not decide whether an indemnification count based on common-law principles could have been raised by the defendant under § 52-102a by moving for permission to implead an indemnity defendant, assuming, of course, that the defendant could have alleged facts sufficient to create such a duty of common-law indemnification.