[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 113
On March 16, 1996, the plaintiffs, Ibrahim and Lynn Yousef filed a two-count complaint against the defendants, Mary K. and Michael Naughton. The plaintiffs allege that on September 3, 1994, Mary K. Naughton drove her automobile into the left rear of the automobile being operated by Ibrahim Yousef. Lynn Yousef is alleged to have been a passenger in the struck automobile. The plaintiffs allege that as a result of the automobile accident, they have suffered various injuries.
On May 21, 1997, the defendants filed a pleading entitled "counterclaim for apportionment."[1] The defendants allege that to the extent Lynn Yousef recovers damages on the original action, Ibrahim Yousef is or may be liable for a proportionate share of such damages pursuant to General Statutes § 52-572h. On June 16, 1997, the plaintiffs moved to strike the defendants' counterclaim on the ground that the counterclaim is defective as CT Page 11007 a matter of law, because Public Act 1995, No. 95-111, codified at General Statutes § 52-102b, provides the sole means of filing an apportionment complaint. The defendants have filed an objection to the plaintiffs' motion to strike, arguing that General Statutes § 52-102b does not apply to the counterclaim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, ___ A.2d ___ (1997).
The plaintiffs argue that General Statutes § 52-102b is the exclusive means by which the defendants can add a liable party as provided in General Statutes § 52-572h. The plaintiffs further argue that General Statutes § 52-102b
requires that the apportionment complaint be served within 120 days of the return of the plaintiffs' complaint. The plaintiffs argue that the original complaint specified a return date of April 16, 1996, but that the defendants filed the counterclaim for apportionment more than one year later on May 16, 1997. The plaintiffs argue that the apportionment counterclaim is therefore untimely and should be struck.
The defendants agree that General Statutes § 52-102b is the sole means by which a defendant may add a person who is not a party to the action. The defendants argue, however, that General Statutes § 52-102b does not apply to the suit at bar, because Ibrahim Yousef is already a party to the action. Therefore, the defendants were not required to comply with the 120 day requirement.
General Statutes § 52-572h(c) states: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic CT Page 11008 damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." General Statutes § 52-102b(a) states: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h." General Statutes § 52-102b(f) states: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action."
Because Ibrahim Yousef is already a party to the action, General Statutes § 52-102b does not apply to the defendants' apportionment counterclaim, as General Statutes § 52-102b
applies to situations where persons "not a party to the action" are sought to be added for apportionment purposes. In Somersv. Heise, Administratrix, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996, Vertefeuille, J.) (17 Conn. L. Rptr. 275), the plaintiffs, Guenn and James Somers, brought a negligence action for personal injuries suffered when their car was struck by a car driven by the defendant's decedent. At the time of the collision, Guenn Somers was a passenger in the car driven by her husband James Somers. The defendant filed a counterclaim against James Somers alleging that he was negligent in the operation of his car and is responsible for his wife's injuries. The plaintiffs moved to strike the counterclaim as legally insufficient. Although the court granted the motion to strike the counterclaim on other grounds, the court specifically determined that "[a] 1995 public act which amended General Statutes § 52-572h has no bearing on the issue before the court because the act is limited to those situations where apportionment is sought against a person who is not a party to the action." Id. CT Page 11009
"General Statutes § 52-102b is clear and unambiguous. Section 52-102b sets forth its exclusive application for apportionment purposes and restricts it applicability to claims under § 52-572h." Paul v. McPhee ElectricalContractors, 46 Conn. App. 18, 22, ___ A.2d ___ (1997).[2]
The statute does not encompass a person already a party to the action. For the foregoing reasons the court denies the motion to strike the apportionment complaint.
STODOLINK, JUDGE