[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an uninsured motorist action, in which the defendant insurer has filed an apportionment complaint against Team Rental, Inc., the owner of a rental car allegedly driven negligently by an uninsured motorist, leading to the plaintiff's claimed injuries. Team Rental has moved to strike the apportionment complaint. Its motion must be granted if the apportionment plaintiff's allegations fail to state a cause of action.
The insurer's right to bring in-Team Rental for apportionment purposes is governed by Section 52-102b, C.G.S. That statute, passed in 1995, permits a defendant in any civil action to which section 52-572h applies to serve a complaint upon a person not a party to the original action, seeking an apportionment of the CT Page 582 overall liability to the plaintiff based on the apportionment party's share of liability as compared to the original defendant's share of liability Thus, the right of the insurer in this case to bring in Team Rental depends on whether Section52-572h applies to this action.
More specifically, its right depends on whether subsection (c) of that section applies to this action, for it is that subsection which limits a party's liability to that party's "proportionate share" of the recoverable damages. Subsection (c), however, applies only in "a negligence action", and this is not a negligence action. "An action to recover under an automobile insurance policy . . . is not an action in tort but, rather, an action in contract." Mazziotti v. Allstate Insurance Co.,240 Conn. 799, 817 (1997). Although in a later case, Haynes v.Yale-New Haven Hospital, 243 Conn. 17, 26 (1997), the Court referred to uninsured motorist claims as "sui generis" and "hybrid", nothing in the reasoning of that case or the question it addressed, whether uninsured motorist benefits should be treated as a "collateral source", would lead me to conclude that this contract action should be treated as a "negligence action" in the context of Section 52-572h(c).
Paraphrasing the Appellate Court in Paul v. McPhee,46 Conn. App. 18, 21-22 (1997), "(W)hat (I am) called upon to do is to construe a statute. . . . Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result". (Internal quotation marks and citations omitted.) That the legislature knew how to distinguish between "negligence actions" and "causes of action based on negligence" is shown by contrasting the language of subsections (c) and (b) of Section 52-572h. The latter would allow a defendant in an uninsured motorist case to raise the defense of contributory negligence, as the Supreme Court has held it may, in Williams v. State Farm Mutual Automobile Ins. Co.,229 Conn. 359, 368 (1994). See Arroyo v. Risk Retention Management, #CV 96 563010, Judicial District of Hartford/New Britain (July 3, 1997).
Accordingly, I conclude that the defendant insurer does not have a cause of action against Team Rental, the apportionment defendant, that may be raised in this contract action, and the motion to strike is granted. CT Page 583
BY THE COURT
Shortall, J.