[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Luz Virella has moved to strike the defendant's three-count apportionment counterclaim against her, contending that recovery against her is not allowed under any of the three counts. The defendant opposes the motion to strike.
The plaintiff brings this action on behalf of her minor son as well as herself. She alleges that her son was injured as a result of the negligence of the defendant, who owned the apartment building where she and her son lived. Two-year-old Jose Virella was injured when he fell out of a window in the plaintiff's third floor apartment when a window screen gave way. The plaintiff seeks recovery of the medical expenses incurred as a result of the fall, compensatory damages for her son's injuries and damages for her distress from seeing her son fall. The defendant filed a three-count apportionment counterclaim seeking apportionment of liability and indemnification.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263
(1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958). The court is, however, limited to the facts alleged in the complaint. Waters v. Autori, 236 Conn. 820,825 (1996).
In the second count of the counterclaim the defendant alleges that the plaintiff mother was negligent in failing to supervise her son appropriately and in permitting him to play on a sofa near the window. The plaintiff contends that this count is legally insufficient because of parental immunity. A parent is immune from liability in negligence for personal injuries to his or her minor child. Dubay v. Irish, 207 Conn. 518, 523 (1988). General Statutes § 52-102b(c) provides, "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes . . ." The motion to strike the second count of the apportionment counterclaim is granted because the plaintiff is immune from liability for negligence.
In the first and third counts of the apportionment counterclaim, the defendant alleges that the plaintiff mother CT Page 2773 acted recklessly in failing to supervise her son appropriately and in permitting him to play on a sofa near the window. These counts also are legally insufficient because apportionment is appropriate only with respect to parties that are liable for negligence. Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 21 (1997). The defendant seeks in these two counts to apportion his liability for negligence with the plaintiff's liability for recklessness. The statute does not permit such apportionment. General Statutes § 52-472h provides for allocation of fault among joint tortfeasors in a negligence action. Therefore, according to the plain language of the statute, an apportionment complaint brought pursuant to General Statutes § 52-102b is restricted to parties that may be liable for negligence. The motion to strike the first and third counts of the apportionment counterclaim are therefore also granted.
The defendant claimed at oral argument that his counterclaim is "not just" an apportionment complaint. However, the summons which the defendant appended to the counterclaim referred to himself as "Apportionment Plaintiff" and the plaintiff as "Apportionment Defendant." The court has therefore construed the counterclaim as solely an apportionment counterclaim.
Vertefuille, J.