[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Having considered various pending motions in this case, the court hereby decides as follows.
I. Boston Steel Manufacturing Company's July 2, 1997, Motion to Strike Apportionment Complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon relief can be granted." Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is the proper means of attacking a pleading that on its face is legally insufficient." (Citation omitted.) Capersv. Lee, 239 Conn. 265, 282, 684 A.2d 696 (1996) (McDonald, J., dissenting). CT Page 7464
This court has previously granted the third party defendant's motion to strike the third party plaintiff's original apportionment complaint because apportionment of liability is not permitted when the apportionment defendant is not potentially liable to the plaintiff in negligence, but rather in product liability. Allard v. Liberty Oil Equipment Co., Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 562255 (March 7, 1997, Lavine, J.) (19 CONN. L. RPTR. 221). Presently, the third-party plaintiff has submitted a substitute apportionment complaint against the third-party defendant, dated March 19, 1997, asserting that the third-party defendant's potential liability is solely in negligence and that therefore the apportionment complaint is proper. This argument is unpersuasive.
An apportionment complaint brought pursuant to General Statutes § 52-102b (a) is restricted to third party defendants who may be liable to the plaintiff only in negligence.Allard v. Liberty Oil Equipment Co., Inc., supra, 19 CONN. L. RPTR. 221 (undersigned granted apportionment defendant's motion to strike as potential liability to plaintiff only in product liability); Morris v. Watson-Bitar, Superior Court, judicial district of Tolland at Rockville, Docket No. 062827, 20 CONN. L. RPTR. 492 (October 21, 1997, Hammer, Trial Judge Referee) apportionment complaint characterized as negligence claim, yet motion to strike granted as recovery available only in product liability); Gadarowskiv. Sabrina Pools, Inc., Superior Court, judicial district Windham at Putnam, Docket No. 54231, 20 CONN. L. RPTR. 166 (July 24, 1997, Sferrazza, J.) (apportionment complaint stricken as no apportionment available in product liability action).
In the leading case interpreting § 52-102b, the Appellate Court in Paul v. McPhee Electrical Contractors, stated: "Subsection (a) of § 52-102b provides in relevant part: A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . ." (Emphasis in original; internal quotation marks omitted.) Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 21, 698 A.2d 354 (1997). There, the defendant attempted to apportion its liability with third party defendants who could only be held liable, if at all, under the Product Liability Act. CT Page 7465 Id., 21. As such, the court held that the apportionment complaint was not within the ambit of § 52-102b, and the trial court properly granted the motion to strike. Id., 22. The court noted, at page 21: "We are not called upon to decide whether it would be good policy to permit negligence defendants to implead apportionment defendants on product liability theories. What we are called upon to do is to construe a statute. . ."
Here, the plain language of the third party plaintiff's substitute apportionment complaint, although purporting to apportion liability pusuant to General Statutes § 52-572h, clearly sets out a product liability theory. General Statutes § 52-102b, however, bars claims for apportionment "even if the complaint is phrased in terms of negligence without mentioning the Products Liability Act." Gargano v. Entoleter, Inc., Superior Court, judicial district of New Haven, Docket No. 391522, 21 CONN. L. RPTR. 115 (January 8, 1998) (Blue, J.) (apportionment complaint alleged common law negligence, yet court granted motion to strike as complaint was "brought under a product liability theory."). As noted in Paul v. McPhee Electrical Contractors,46 Conn. App. at 21, Subsection f of Section 52-102b provides that "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to Section 52-572h for a proportionate share of the plaintiff's damages as a party to the action."
In the present case, regardless of the third-party plaintiff's assertion that the substitute apportionment complaint alleges exclusively a negligence theory of recovery, that asserted negligence simply forms the basis for the third-party defendant's potential product liability exposure. See General Statutes § 52-572m (b) ("Product liability claim' shall include . . . all actions based on the following theories . . . negligence. . . ."). Furthermore, as product liability claims are "in lieu" of common law negligence claims, the third-party defendant in this case may only be liable, if at all, to the plaintiff under a product liability theory. See General Statutes § 52-572n (a); Winslow v. Lewis-Shepard,212 Conn. 462, 562 A.2d 517 (1989).
Accordingly, the holding of Paul v. McPhee ElectricalContractors controls this case and the motion to strike the substitute apportionment complaint should be and is hereby granted. CT Page 7466
II. Plaintiff's June 27, 1997 Request for Leave to Amend Complaint.
Plaintiff's June 27, 1997 Request for Leave to Amend Complaint is granted pursuant to Connecticut General Statutes Section 52-102 (a).
III. Liberty Oil Equipment Company's July 15, 1997 Objections to Third-party Defendant Boston Steel and Manufacturing Company's Request to Revise Third Party Complaint.
 (a) Request that Liberty Oil include in its allegations the date Boston Steel was in control of the truck and the date Liberty Oil obtained it from Boston Steel. (Count One, Paragraph 12).
Liberty Oil's objection is sustained. The information sought is more properly obtained through discovery.
 (b) Request that Liberty Oil specify which part of the truck was negligently designed and how each was negligently designed. (Count One. Paragraph 13e).
Liberty Oil's objection is sustained.
 (c) Request that Count One, Paragraph 13 be deleted or separated into and inserted into a separate, legally sufficient count.
Liberty Oil's objection is sustained.
LAVINE, J.