[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The apportionment defendant, Patco, Inc. (Patco), has moved to strike the apportionment complaint filed by Shoprite of Waterbury (Shoprite). Shoprite alleges that Patco supplied it with cleaning and polishing compounds and wax for the floors of its supermarket, where the plaintiff claims to have fallen, and CT Page 12356 that those materials made the floors unreasonably slippery, contrary to representations made by Patco.
Paul v. McPhee Electrical Contractors, 46 Conn. App. 18
(1996), held that § 52-102b, C.G.S., authorizes the filing of an apportionment complaint only against third party defendants allegedly liable under the negligence statute (§ 52-572h) and not against third party defendants allegedly liable under the Product Liability Act (§ 52-572m et seq.). Shoprite attempts to escape the holding of the Paul case by drafting its apportionment complaint to sound in negligence rather than basing it on the Product Liability Act.
The court in Paul, however, held that the "apportionment defendants [were] liable, if at all, only under § 52-572m et seq., the Product Liability Act. A product liability claim is exclusively controlled by § 52-572m et seq., and thus can never be a claim arising under § 52-572h. See General Statutes § 52-572n(a)8; Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,469-71, 562 A.2d 517 (1989); Daily v. New Britain Machine Co.,200 Conn. 562, 570-72, 512 A.2d 893 (1986)." Id., 21. The Winslow
case established this proposition for the first time and upheld a trial court's decision to strike common law counts alleging conduct cognizable under the Product Liability Act. Winslow v. Lewis-Shepard, Inc.,supra, 212 Conn. 471. Therefore, it avails Shoprite nothing to have plead its claims in negligence since all of its claims are within the scope of the conduct covered by the Product Liability Act. See § 52-572m(b), C.G.S.
Accordingly, since the apportionment complaint is based on a product liability theory, Shoprite's exclusive remedy is under the Act and not for negligence or misrepresentation, and Patco cannot be brought into this action under § 52-102b, C.G.S. The objection to the motion to strike is overruled, and the motion is granted.
BY THE COURT
SHORTALL, J.