[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
"Subsection (a) of § 52-102b provides in relevant part: `A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section
for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . .' (Emphasis added.) Subsection (f) of § 52-102b
further provides: `This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action.' Thus, the statute unambiguously provides that a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h." Paul v. McPheeElectrical Contractors, 46 Conn. App. 18, 21, 698 A.2d 354
(1997).
In the present case, the defendant, Hospital of St. Raphael, attempted to use General Statutes § 52-102b to implead an apportionment defendant, Loewenstein, based on a product liability theory. "A product liability claim is exclusively controlled by § 52-572m et seq., and thus can never be a claim arising under § 52-572h." (Citations omitted.) Id. Therefore Loewenstein's motion to strike (# 113) the improper apportionment CT Page 8855 complaint is granted. Similarly, the second count of plaintiff DeMatties' amended complaint, which seeks to assert claims against Loewenstein pursuant to § 52-102b (d) based upon St. Raphael's improper apportionment complaint, is stricken. (# 114)
Furthermore, the court grants Loewenstein's motion to strike (# 116) St. Raphael's cross claim against Loewenstein because Loewenstein has been improperly impleaded through the apportionment complaint.
Morgan, J.