[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
CT Page 9316
On November 19, 1997, the plaintiff George Mallookis commenced this action against the defendant Autotote Enterprises, Inc. ("Autotote"). Mallookis' one count complaint alleges that as he was leaning back in a chair on Autotote's premises, the chair broke causing him to fall to the floor. As a result, Mallookis alleges that he suffered various injuries, and those injuries were caused by Autotote's negligence and carelessness.
On April 14, 1998, Autotote filed a four count apportionment complaint against four separate apportionment defendants. Count two of the apportionment complaint alleges that the apportionment defendant, The Colrane Co., Inc. ("Colrane"), is potentially liable to Mallookis for his injuries, and as such, it should participate when liability is apportioned among the various parties pursuant to General Statutes § 52-572h.
Presently before the court is Colrane's motion to strike the second count of the apportionment complaint.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). In reviewing a motion to strike, the court construes the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384.
Colrane has moved to strike the second count of the apportionment complaint on the ground that a defendant in a negligence cause of action cannot implead apportionment defendants on the basis of a product liability theory. Specifically, Colrane claims that although Autotote's apportionment complaint alleges that Colrane is liable to the plaintiff in negligence, pursuant to General Statutes § 52-572h, Autotote's claims truly fall within the scope of the Product Liability Act. Therefore, Colrane argues, based upon the Appellate Court's decision in Paul v. McPhee ElectricalCT Page 9317Contractors, 46 Conn. App. 18, 21, 698 A.2d 354 (1997), the second count of the apportionment complaint is legally insufficient.
Autotote argues in opposition that the second count of the apportionment complaint does not allege a product liability cause of action. Rather, Autotote argues that the second count of the apportionment complaint specifically alleges that Colrane may be liable to the plaintiff in negligence, pursuant to General Statutes § 52-572h. Consequently, Autotote argues that the second count of the apportionment complaint is legally sufficient.
The Connecticut Appellate Court in Paul held that General Statutes § 52-102b authorized the filing of apportionment complaints against third party defendants allegedly liable to the plaintiff only under the negligence statute, General Statutes §52-572h; § 52-102b did not permit, however, the filing of apportionment complaints against third party defendants allegedly liable to the plaintiff under the Product Liability Act, General Statutes § 52-572m, et seq. Paul v. McPhee ElectricalContractors, supra, 46 Conn. App. 21. In Paul, the Court found that the apportionment defendants were liable to the plaintiff only, if at all, under the Product Liability Act. Id., 20 n. 6. Thus, the Court ruled that because a product liability claim is controlled exclusively by General Statutes § 52-572m et seq., the defendant's apportionment complaint could never arise under General Statutes § 52-572h; see Winslow v. Lewis-Shepard, Inc.,212 Conn. 462, 469-71, 562 A.2d 517 (1989); and the apportionment complaint was properly stricken.
Here, unlike the situation in Paul, Autotote's apportionment complaint expressly states that Colrane is potentially liable to Mallookis in negligence, pursuant to General Statutes § 52-572h. Nonetheless, Autotote's allegation is not dispositive of Colrane's motion.
In light of the Appellate Court's holding in Paul, the question before this court is not whether the defendant has alleged that the apportionment defendant is liable to the plaintiff in negligence only, but rather "whether the apportionment complaint is brought `under a product liabilitytheory.'" (Emphasis added.) Gargano v. Entoleter, Inc., Superior Court, judicial district of New Haven, Docket No. 391522 (January 8, 1998, Blue, J.). If the apportionment complaint puts forth a product liability theory against Colrane, then Colrane cannot be CT Page 9318 liable to the plaintiff in negligence, and the apportionment complaint is legally insufficient. See General Statutes §52-572n(a) (product liability claims are "in lieu" of all other claims); Winslow v. Lewis-Shenard, supra, 212 Conn. 469-71.
Presently, the allegations of Autotote's apportionment complaint, although purporting to allege a claim pursuant to General Statutes § 52-572h, pursue a product liability theory. Autotote alleges that Colrane "manufactured the chair in a negligent manner," and that Colrane failed to "place warnings" on the chair with regard to its "dangerous condition." Further, it alleges that Colrane failed to "provide proper instructions" as to the chair's use, or to instruct Autotote regarding unsafe use of the chair. (Def.'s Apport. Cmplt, Count 2 ¶ 5 (a-d)). These allegations clearly fall within the scope of the Product Liability Act. See General Statutes § 52-572m (b) (product liability claims shall include all claims caused by the "manufacture," "warnings" or "instructions" of any product);Lauer v. Shoprite of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 142287 (October 27, 1998, Shortall, J.) (defendant's apportionment complaint, although plead as negligence pursuant to § 52-572h, stricken as based upon product liability theory).
Based upon the holding of Paul v. McPhee ElectricalContractors the motion to strike the second count of the apportionment complaint must be granted. The recent amendment to General Statutes § 52-572h(o) provides an additional reason to do so.
In Public Act 99-69(1), the Connecticut General Assembly provided that "there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to . . . any cause of action created by statute . . ." The act further provides that it applies to "any civil action pending on . . . August 11, 1998." Public Act 99-69(2).
For the reasons stated previously, this apportionment count lies, not in negligence, but in product liability, which is exclusively a statutory cause of action under General Statutes §52-572n. This count then is also legally insufficient because it violates Public Act 99-66. The motion is granted.
James T. Graham CT Page 9319 Superior Court Judge