[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (# 126) AND MOTION TO DISMISS (#128)
On January 25, 1999, the plaintiffs, minor Jessica Andretta and, her mother, Isabella Andretta initiated an action against the City of Ansonia, the Ansonia Board of Education and several individual defendants (hereinafter collectively referred to as "the Ansonia defendants") as a result of injuries allegedly suffered by the child while playing on a school playground. The defendants, in turn, filed an apportionment complaint against M. E. O'Brien Sons, Inc. ("O'Brien"), a seller and installer of playground equipment, and Landscape Structures, Inc. ("Landscape"), the manufacturer of said equipment. Subsequently, the plaintiffs filed a "cross-complaint" against O'Brien and Landscape in which the plaintiffs incorporate the apportionment complaint.
Before the court are the seller — installer's motion to strike the apportionment complaint and also a motion to dismiss the plaintiffs' cross-complaint. Manufacturer Landscape has also filed a motion to dismiss the plaintiffs' cross — complaint. Since the parties agree that a decision on the seller — installer's motion to strike may be dispositive of CT Page 3019 the dual motions to dismiss, the court will address the motion to strike first.
The claim of the seller's strike motion is that the apportionment complaint of the Ansonia defendants states a products liability claim and, for that reason, is improper because apportionment pleading is to be restricted to negligence claims. The Ansonia defendants argue that their apportionment complaint sounds in negligence and not product liability and therefore is proper.
It is true that a defendant in a negligence claim may not implead apportionment defendants on the basis of a product liability theory. Paul v. McPhee Electrical Contractors,46 Conn. App. 13, 22, 693 A.2d 354 (1997). The rationale underlying this restriction is that § 52-102b limits apportionment claims to cases falling under § 52-572h, that is, cases sounding in negligence. Id.
The Ansonia defendants' apportionment complaint contains an allegation that seller-installer O'Brien "was and is in the business of selling and installing playground equipment and surfacing and is a "product seller' within the definitions provided by . . . § 52-572m." Thus, by its own terms, this apportionment complaint sets forth allegations implicating the products liability statutes. Nevertheless, the defendants argue that the remainder of the complaint contains allegations of O'Brien's negligence and provides an appropriate basis for apportionment.
For the reasons set forth below, the defendants' argument is not persuasive.
As already mentioned, the apportionment complaint unabashedly sets forth a product liability cause of action. Therefore, such a claim is deemed to include all actions brought for "personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly,installation, testing, warnings, instructions, marketing,
packaging or labeling of any product." § 52-572m(b). Thus, even if the apportionment complaint were without specific mention of the product liability act, it would, nonetheless, be within the parameters of that statute. See Gargano v. Entoleter, Inc.,
Superior Court, judicial district of New Haven, Docket No. 391522 (January 3, 1998, Blue, J.) (motion to strike apportionment CT Page 3020 complaint granted where common law negligence claim was brought under a product liability theory). See also Allard v. Liberty OilEquipment Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 562255 (June 24, 1998, Lavine, J.); Morris v. Watson-Bitar, Superior Court, judicial district of Tolland at Rockville, Docket No. 062827 (October 21, 1997, Hammer, J.T.R.).
The Ansonia defendants' allegations of negligence against O'Brien include the failure to provide warnings or instructions and failure to properly design the equipment — allegations which place the apportionment complaint squarely into the zone encompassed by product liability actions. Mallookis v. AutototeEnterprises, Inc., Superior Court, judicial district of New Britain, Docket No. 484655 (July 8, 1999, Graham, J.). Thus, though the complaint may contain some allegations of negligence that could potentially be thought outside the scope of a products liability action, it is clear that the defendants' complaint certainly sets out a products liability claim, inter alia, and is in violation of the rule of Paul v. McPhee ElectricalContractors, supra, 46 Conn. App. 22. Seller O'Brien's motion to strike is therefore granted.
Since the Ansonia defendants' apportionment complaint is stricken, it follows that the plaintiffs' cross-complaint, which incorporates the apportionment complaint, must fail as well. Plaintiff's complaint against the apportionment defendant is dismissed.
The Court
Nadeau, J. CT Page 3021
[EDITORS' NOTE: The case once located on this page is now located on CT Page 4864-by] CT Page 3022