[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 116)
The plaintiff, Bettye Williams, was injured by an allegedly defective heating pad that she wore around her ankle and foot while sleeping. The heating pad treatment was prescribed by her physician and applied by a home health aide under the supervision of a primary care nurse working for Visiting Nurse Services of Connecticut. The plaintiff purchased the heating pad from the defendant, K-Mart Corp. The defendant, Sunbeam Corporation, manufactured the heating pad. The plaintiff, in a one-count complaint dated March 5, 1999, brought a product liability action against K-Mart and Sunbeam. Both defendants brought apportionment complaints against the treating physician, Michael Smith, the home health aide, CT Page 8833 Carolyn Allen and her employer, Family Services Woodfield, Inc., the primary care nurse, Carol Klubeck, and her employer, Visiting Nurse Services of Connecticut, Inc. The apportionment complaints are based on medical malpractice.
The apportionment defendants Klubeck and Visiting Nurse Services of Connecticut now move to strike the apportionment complaint directed toward them. Klubeck and Visiting Nurse Services have submitted a memorandum of law in support of the motion to strike. The defendant's have filed an objection to the motion to strike together with a memorandum in opposition.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). The court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sherwood v.Danbury Hospital, 252 Conn. 193, 212-13, ___ A.2d ___ (2000).
Klubeck and Visiting Nurse Services move to strike the apportionment complaint on the ground that defendants to a product liability action (K-Mart and Sunbeam) may not bring an apportionment complaint for negligence under General Statutes § 52-102b because that statute only applies to original actions brought under General Statutes § 52-572h.
General Statutes § 52-102b provides in relevant part:
 "(a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages . . .
General Statutes § 52-572h provides for apportioning the percentage of negligence among all potential tortfeasors in a negligence action, including the plaintiff and any other potential defendant. The plain language of these statutes restrict their application to negligence actions. See Allard v. Liberty Oil Equipment Co., SC 16154 (July 25, 2000).
The original plaintiff brought a product liability action against K-Mart and Sunbeam pursuant to Connecticut's Product Liability Act, CT Page 8834 General Statutes § 52-572m et seq. General Statutes § 52-572n
provides in relevant part:
 "(a) A product liability claim as provided in sections 52-240a, 52-240b, and 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."
A product liability claim is exclusively controlled by § 52-572m et seq., and thus can never be a claim arising under § 52-572h. Paul v.McPhee Electrical Contractors, 46 Conn. App. 18, 21, 698 A.2d 354
(1997). Therefore, the defendants to a product liability action may not seek apportionment from potentially negligent tortfeasors because the underlying action does not arise out of General Statutes § 52-572h.
K-Mart and Sunbeam argue that because the product liability statute encompasses negligent acts, any product liability action that is based on negligence, such as negligent failure to warn, also comes under the purview of the negligence statutes for apportionment purposes. This argument is without merit. The Supreme Court has recently held that when an underlying claim is brought pursuant to Connecticut's Product Liability Statute, the defendant cannot apportion liability even where that liability is based on negligence. See Allard v. Liberty OilEquipment Co., SC 16154 (officially released July 25, 2000). Although the product liability theory upon which a claim is brought may be based on negligence, that does not convert the claim into one of negligence for apportionment purposes. See Allard, supra.
Based on the foregoing, the court hereby GRANTS the motion to strike the apportionment complaint directed toward Klubeck and VNS.
MELVILLE, J. CT Page 8835