[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THERMAL FIREPROOFING AND ACOUSTICS COMPANY
INTRODUCTION
The complaint in this case alleges that the plaintiff, an electrician, was working in the vicinity of a suspension ceiling ("ceiling") constructed by the defendant Thermal Fireproofing and Acoustics Company ("Thermal") which gave way, causing the plaintiff to fall and suffer personal injuries. The complaint further alleges that Thermal, as a product seller under § 52-572m of the General Statutes, as amended (all further section references are to the General Statutes), is liable to the plaintiff for his injuries pursuant to the Connecticut Product CT Page 15097 Liability Act ("CPLA"), § 52-572m, et seq. Thermal has moved for summary judgment on the ground that it is not a product seller within the definition set out in § 52-572m(a), and that the statute of limitations has expired as to any other claim asserted against it.
DISCUSSION
A party who contracts only for the provision of services is not a product seller for purposes of CPLA; whether a particular contract is one solely for the provision of services depends on the language of the contract and on the manner in which the contract is performed. Paul v.McPhee Electrical Contractors, 46 Conn. App. 18, 23 (1997).
In support of its motion, Thermal has submitted a copy of the contract ("contract") by which it undertook to construct the ceiling, the relevant portion of which states:
 "The Subcontractor agrees to furnish all labor, materials (sic) equipment, etc (sic) necessary to perform the work required for the completion of all work specified in Sections 2070 Demolition (Removal of existing ceilings), 9510 Acousticall Ceilings 09520 Acoustical Wall Panel:
 (A) Pelz Gymnasium — Removal of Existing Ceilings approximately 12,000/sf of existing ceilings and installation of new ceilings per plans 
specifications."
In the absence of other materials relating to the contents or performance of the contract, the court cannot determine, as a matter of law, whether Thermal was a product seller.
CONCLUSION
The motion is denied.
Levine, J.