[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO STRIKE (#130)
 I FACTS CT Page 15488
The plaintiff, Joseph P. Apicelli, brings this action for damages against the defendants, Indian Nations, LLC (Indian Nations), Harry Grodsky Co., Inc. (Grodsky), B.V.H. Engineers, Inc. (B.V.H.), Jeter, Cook Jepson-Architects, Inc. (Jeter), New England Design, Inc. (New England), Jem Associates and C.R. Klewin, Inc., for injuries he sustained as a result of a trip and fall over a pipe extending in a walkway while employed as a bartender at the Foxwoods Casino Club, Newport International Bar. The plaintiff alleges in his seven count revised complaint, filed on April 10, 2000, that the defendants designed, planned and constructed portions of the building and bar in such a manner as to create an unsafe and dangerous condition. The plaintiff further alleges that the defendants knew or should have known of the existence of such a dangerous condition and should have taken reasonable precautions to safeguard persons, including the plaintiff, from harm.
On May 4, 2000, the apportionment plaintiffs, Indian Nations and Grodsky, filed a cross claim for apportionment against the apportionment defendants. New England, Jeter and B.V.H. Indian Nations and Grodsky allege that any damages sustained by the plaintiff were due in whole or in part to the negligence of New England and the other apportionment defendants. Indian Nations and Grodsky further allege that New England and the other apportionment defendants may be considered the proximate cause of the plaintiff's injuries and, therefore, damages may be apportioned against them.
On May 24, 2000, New England filed a motion to strike Indian Nations' and Grodsky's cross claim for apportionment on the ground that New England is already a party to the action. A supporting memorandum of law accompanied the motion to strike.[1]
On June 8, 2000, Indian Nations and Grodsky filed an objection to the motion to strike on the ground that if the plaintiff were to withdraw as against New England without giving a release of liability, Indian Nations and Grodsky, as well as the other defendants, would be without a remedy in their attempts to apportion damages against New England.
For the reasons set forth below, the court concludes that because the apportionment defendant is already a party to the action and the express language of General Statutes § 52-102b precludes a cross claim for apportionment against someone who is already a party to the action, the motion to strike is granted.
 II DISCUSSION CT Page 15489
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. The role of the trial court in ruling on a motion to strike is "to examine the [cross claims], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127
(1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308
(1997).
New England moves to strike the apportionment complaint on the ground that "[a] jury, pursuant to § 52-572h and § 52-102 will automatically apportion liability, if any, as against New England, Inc. Accordingly, there is no need for a cross claim for apportionment." New England argues in its memorandum in support of its motion to strike that "the apportionment complaint may only be served upon individuals who are not parties [to the action]." Specifically, it argues that "[t]he reason for this is that if a person or a corporation is a party to a complaint then there automatically will be apportionment."
Indian Nations and Grodsky argue in opposition that "the holding ofDonner [v. Kearse, 234 Conn. 660, 672-73, 662 A.2d 1269 (1995)] leaves open the prospect that a defendant may be foreclosed from apportioning damages against a party whom the plaintiff simply withdraws against without giving a release of liability." Specifically, Indian Nations and Grodsky argue that "[i]f that were to occur [in the present case], the defendants Indian Nations and Harry Grodsky, as well as all other defendants, would be without a remedy as to their attempts to apportion damages against New England Design, Inc."
The court concludes that under the express language of § 52-102b
and Connecticut case law, a cross claim for apportionment may be filed only against a person not already a party to the action. The issue is one of statutory construction. "According to our longstanding principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, ___ A.2d ___ (2000). "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the CT Page 15490 legislature's intent." (Internal quotation marks omitted.) Office ofConsumer Counsel v. Dept. of Public Utility Control, 246 Conn. 18, 29,716 A.2d 78 (1998).
"Section 52-102b is clear and unambiguous." Paul v. McPhee ElectricalContractors, 46 Conn. App. 18, 22, 698 A.2d 354 (1997). Public Act 95-111, now codified at General Statutes § 52-102b provides in relevant part: "A defendant in any civil action to which section 52-572h[2]
applies may serve a writ, summons and complaint upon a person not a partyto the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . . The person upon whom the apportionment complaint is served . . . shall be a party for all purposes, including all purposes under section 52-572h." (Emphasis added.) General Statutes § 52-102b(a). Based on the plain language of the statute, "§ 52-102b precludes a cross claim for apportionment against someone who is already a party to the action." Gerarde v.Anastasiou, Superior Court, judicial district of New London at New London, Docket No. 546471 (June 30, 1999, Mihalakos, J.) (24 Conn.L.Rptr. 692, 693); see also Delaney v. Keemon, Superior Court, judicial district of New London at Norwich, Docket No. 116136 (April 30, 1999,Mihalakos, J.) (24 Conn.L.Rptr. 426, 427) ("General Statutes §52-102b expressly provides that an apportionment suit is not available against an individual who is a `party' to the action."). In the present case, because New England is currently a party to the action, Indian Nations' and Grodsky's cross claim for apportionment is not permissible under § 52-102b.
Indian Nations and Grodsky, on the other hand, rely on Donner v.Kearse, supra, 234 Conn. 672-73, for the proposition that a cross claim for apportionment against New England should be allowed in the present case. Indian Nations and Grodsky argue that both they and the other defendants will be foreclosed from apportioning damages against New England if the plaintiff were to withdraw as against New England without giving a release of liability. Indian Nations' and Grodsky's reliance onDonner is, however, misplaced.
In Donner, the defendant was not a party to the action because he had withdrawn his claim; hence "the defendant [focused] on the second class of persons whose negligence must be considered by the jury — `settled or released persons under subsection (n) of . . . [§52-572h[3]].'" Donner v. Kearse, supra, 234 Conn. 672. The defendant inDonner, however, "[made] no claim, nor [was] there any evidence on the record that would support a claim, that [the plaintiff who withdrew his action] received a release of liability from the defendant or from anyone else involved in the automobile collision." Id. Similarly, none of the CT Page 15491 parties in the present case have received a release from liability. Indian Nations' and Grodsky's argument, which is based on the premise that the plaintiff might withdraw his claim against New England, therefore, fails because it relies upon speculation and conjecture. See Delaney v.Keemon, supra, 24 Conn.L.Rptr. 428 n. 2 ("The plaintiff . . . argues that if [the coplaintiff] were to withdraw from the action and settle with the defendants without receiving a release, his liability could not be considered as to claims brought by [the plaintiff]. The plaintiff's argument [however] is pure speculation. The court is not required to consider arguments based on mere conjecture. . . ."); cf. MountaindaleCondominium Assn., Inc. v. Zappone, 59 Conn. App. 311, 315-16,___ A.2d ___ (2000) ("While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.)).
It should be noted, however, that the apportionment plaintiffs, as well as the other defendants, are not left without a remedy. "`Since General Statutes § 52-572h(c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [New England] is a party [to the action], [its] percentage of negligence will be considered by the jury.'" Delaney v. Keemon, supra,24 Conn.L.Rptr. 427, quoting Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn.L.Rptr. 100, 101).
For the foregoing reasons, the apportionment defendant's motion to strike (#130) is granted.
Martin, J.