[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE 
Whether the apportionment defendant's motion to strike count two of the amended apportionment complaint should be granted because the apportionment complaint asserts product liability claims which cannot be apportioned under General Statutes § 52-102b. The claims in the amended apportionment complaint fall within the scope of General Statutes § 52-572n, which provides that Connecticut's product liability act, General Statutes § 52-572m through § 52-572q, is the exclusive remedy for such claims. Therefore, the apportionment defendant's motion to strike count two of the apportionment complaint is granted. CT Page 65
On March 24, 1998, the minor plaintiff, Jessica Andretta, was injured while playing on a school playground. On January 25, 1999, Jessica Andretta, and her mother, Isabella Andretta, commenced an action against the defendants, Douglas Rudig, John Gentle, Nancy Pererias, the Board of Education for the City of Ansonia and the City of Ansonia.
On April 13, 2000, the defendants, as apportionment plaintiffs, filed a three count apportionment complaint against the apportionment defendants, O'Brien Sons, Inc., Landscape Structures, Inc. (LSI), and Donald W. Smith, Jr. Count two is directed at LSI and alleges that: (1) LSI negligently failed to specify a reasonable ground surface to be placed underneath the playground equipment (equipment); (2) LSI negligently advised the apportionment plaintiffs of the adequacy of the specified ground surface and the use of alternative surfaces; (3) LSI negligently advised the apportionment plaintiffs and/or its engineers and design consultants regarding the safety of the equipment; (4) LSI negligently constructed the equipment; and (5) LSI negligently failed to recommend installation of the equipment on a proper surface in light of its intended use and users.
Presently before the court is LSI's June 30, 2000 motion to strike count two of the amended apportionment complaint. LSI claims that all of the allegations in count two of the apportionment complaint state product liability claims which are not subject to apportionment under General Statutes § 52-102b.[1] The apportionment plaintiffs did not file a memorandum in objection specifically addressed to the motion to strike, however, the apportionment plaintiffs did submit a memorandum of law in support of the legal sufficiency of the amended apportionment complaint on June 22, 2000.[2]
"[A} motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522, 753 A.2d 927 (2000). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990) "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
LSI argues that all of the claims asserted in count two of the amended apportionment complaint fall within the scope of the product liability act, General Statutes § 52-572m through § 52-572q. LSI argues that the legislature intended the product liability act to be the sole remedy for claims that fall within its scope and therefore the claims CT Page 66 asserted in count two cannot arise under General Statutes §52-572h.[3] LSI further argues that when a cause of action arises under a statute other than § 52-572h, there is no cause of action for apportionment under General Statutes § 52-102b.
In support of the legal sufficiency of its amended apportionment complaint, the apportionment plaintiffs argue that their pleadings are not preempted by the product liability act because their claims do not relate to a harm caused by a product as the term is used in General Statutes § 52-572n (a).[4] The apportionment plaintiffs also argue that neither the enactment of the product liability act, Connecticut Tort Reform I or II, or the recent amendments to § 52-572h were intended to abrogate a defendant's common law right to state a cause of action for contribution, in defense of a negligence action, against the designers, manufactures, or sellers of a product.
Our Supreme Court has recently addressed the scope of our product liability statutes in Allard v. Liberty Oil Equipment Co., 253 Conn. 787,756 A.2d 237 (2000). The court's decision in Allard is controlling over the motion to strike which is currently before the court. In Allard, the precise issue before the court was "whether § 52-572h, as amended byP.A. 99-69, permits an apportionment complaint that seeks to limit its allegations against a product seller, as defined by our product liability statutes, to allegations of negligence." Id., 798.
In making its decision, the court analyzed the legislature's recent amendment to § 52-572h and determined that "[t]he general effect ofP.A. 99-69, § 1(o), was to make clear that the apportionment principles of § 52-572h do not apply where the purported apportionment complaint rests on any basis other than negligence, and that these other bases include, without limitation, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute. . . ." (Internal quotation marks omitted.) Id., 801. The court further stated that "it would be inconsistent with the provisions of § 52-572h, as amended by P.A. 99-69, § 1(o), to permit a defendant sued in negligence to claim apportionment against a product seller whose alleged misconduct tracks that of product liability, solely because the party seeking apportionment chooses to limits its allegations to those sounding in negligence." Id., 804. Indeed, the court determined, "the specific bar to apportionment to a party based on strict liability is most plausibly read as a legislative affirmation of the Appellate Court's decision . . . in Paul v. McPhee Electrical Contractors, [46 Conn. App. 18, 21, 698 A.2d 354 (1997)], that a product liability claim cannot be the basis of apportionment under § 52-572h."Allard v. Liberty Oil Equipment Co., supra, 253 Conn. 804-05. CT Page 67
Two issues are therefore determinative of LSI's motion to strike. First, the court must determine whether the pleadings indicate that LSI is a product seller as defined by General Statutes § 52-572m (a) of the product liability act. Second, the court must determine whether the apportionment complaint involves LSI's actions as a product seller.
General Statutes § 52-572m (a) defines who qualifies as a product seller. It states that a "product seller" is "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." General Statutes § 52-572m (a) General Statutes § 52-572m (e) defines a product manufacturer to include "product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer." In the present case, the amended apportionment complaint alleges that LSI constructed the equipment which was allegedly responsible for the injury to the plaintiffs. LSI, therefore, qualifies as a manufacturer and count two of the apportionment complaint is therefore brought against a product seller as defined under the product liability act.
The next issue is whether the claims raised by the apportionment plaintiffs amount to claims for relief covered by the scope of the product liability act. General Statutes § 52-572m (b) defines what qualifies as a product liability claim. The definition provided covers "all claimsor actions brought for personal injury, death or property damage causedby the manufacture, construction, design, formula, preparation,assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence, breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent. . . ." (Emphasis added.) General Statutes § 52-572m (b)
Count two, ¶ 5(a), of the amended apportionment complaint asserts that LSI negligently failed to specify a reasonable ground surface to be placed underneath the playscape structure. As this claim deals with the instructions, warnings, and/or installation instructions that LSI gave with the product, it asserts a product liability claim under § 52-572m
(b).
Count two, ¶ 5(b), of the amended apportionment complaint asserts that LSI negligently advised the apportionment plaintiffs and/or their CT Page 68 engineering and design consultants regarding the adequacy of the specified ground surface or by failing to recommend other feasible ground surface alternatives. This claim states a claim that deals with LSI's failure to give instructions or warnings to the apportionment plaintiffs and their agents. Therefore, it states a claim covered under § 52-572m
(b)
Count two, ¶ 5(c), of the amended apportionment complaint alleges that LSI negligently advised the apportionment plaintiffs and/or their engineering and design consultants regarding the safety of the equipment under conditions to which LSI knew or should have known the equipment would be used. This claim also comes under the definition given in §52-572m (b) because it asserts a claim involving the testing, warnings and/or instructions accompanying the equipment.
Count two, ¶ 5(d), of the amended apportionment complaint alleges that LSI negligently constructed the equipment. A negligent construction claim is directly named as a cause of action which comes with in the scope of § 52-572m (b)
Count two, ¶ 5(e), of the amended apportionment complaint alleges that LSI failed to recommend installation of a proper surface material in light of the equipment and intended users. This section of the complaint also falls within the definition of § 52-; 572m (b) because it alleges that the warning and instructions accompanying the equipment were deficient.
Therefore, since LSI qualifies as a product seller under § 52-572m
(a) and because all of the allegations of count two of the amended apportionment complaint assert causes of action against LSI sounding in product liability under § 52-572m (b), LSI's motion to strike the second count of the amended apportionment complaint is granted.
GROGINS, J.