[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5416
The apportionment defendants, Neurosurgical Associates of Connecticut, P.C. and Harry P. Engel, M.D. filed a motion to dismiss the defendants! apportionment plaintiffs, Community Action Agency of New Haven, Inc. and Elizabeth Barrett's Apportionment Complaint, on the ground that the court lacks jurisdiction over these apportionment defendants because the Apportionment Complaint was not filed in compliance with the requirements of Connecticut General Statutes section 52-102b (a) (hereinafter C.G.S. § 52-102b). The defendants/apportionment plaintiff's object to the motion and contend that the Apportionment Complaint was timely filed and that the Court has jurisdiction over the action.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court . . ." (Citation omitted; internal quotation marks omitted). Upson v. State, 190 Conn. 622, 624 n. 4,461 A.2d 992 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. CS Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
The relevant facts in this case are as follows. In a Complaint dated May 21, 2001 and with a return date of June 19, 2001, the plaintiff, Stephen Lostritto, filed a personal injury action against the Community Action Agency of New Haven and Elizabeth Barrett following a June 2, 1999 motor vehicle accident. On October 11, 2001, the defendants, Community Action Agency and Elizabeth Barrett filed a motion for additional time (to January 19, 2002) within which to file an Apportionment Complaint. That motion was granted, absent objection, on October 15, 2001.[1] On January 14, 2002, the defendants, Community Action Agency and Elizabeth Barrett, served apportionment defendants, Neurosurgical Associates and Harry Engel, M.D. with an Apportionment Complaint.
The apportionment defendants argue that C.G.S. § 52-102b proscribes the only manner in which Apportionment Complaints may be served on individuals. That section states, in pertinent part:
 "A defendant in any civil action to with 52-572h
applies may serve a Writ, Summons, and Complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages, in which case the demand for relief shall seek an apportionment of liability. Any such Writ, Summons, and Complaint, hereinafter called the Apportionment Complaint, shall CT Page 5417 be served within 120 days of the return date specified in the plaintiff's original Complaint."
The precise issue before this court is: whether or not C.G.S. §52-102b prohibits the filing of an Apportionment Complaint more than 120 days after the return date, thus depriving the court of jurisdiction over apportionment actions filed more than 120 days after the return date of the original complaint.
"`As with any issue of statutory interpretation, our initial guide is the language of the statute itself.' Burke v. Gibson Associates, Inc., supra, Superior Court, Docket No. 412164. `General Statutes § 52-102b
is clear and unambiguous.' Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 21-22, 698 A.2d 354 (1997)." Cooksley v. City of NewBritain, Superior Court, Judicial District of New Britain, docket no. CV-99-0498574 (April 2, 2001, Shapiro, J.).
No appellate court has decided the issue in dispute before this court. There is a split of authority among the Superior Courts, with a majority holding that the provisions of C.G.S. § 52-102b are mandatory rather than directory.
Predictably, the apportionment defendants rely on the reasoning articulated in the majority of Superior Court decisions holding that C.G.S. § 52-102b is mandatory. A "great majority of Superior Court cases that have considered the matter have concluded that a court lacks jurisdiction over an apportionment claim not served within 120 days of the return date of the original complaint." Ortiz v. BridgeportHospital, Superior Court, Judicial District of New London, docket no. 547104 (February 24, 2000, Corradino, J.). See, also, Cooksley v. City ofNew Britain, supra; Mazzola v. Yaghma, Superior Court, Judicial District of New Haven, docket no. 403943 (January 24, 2000, Blue, J.); TriconInternational LTD. v. United Construction, Inc., Superior Court, Judicial District of Waterbury, docket no. X06-CV-98-0153502 (November 28, 2000,McWeeney, J.).
The defendants/apportionment plaintiff's rely upon the decisions, by the minority of courts, which hold that C.G.S. § 52-102b is not mandatory. Those courts conclude that ". . . the 120 day period in General Statute section 52-102b (a) is directory and is designed to avoid the filing on eve of trial apportionment complaints that would delay the trial or pretrial disposition of the case. The time period, therefore, is literally `designed to secure order, system and dispatch in the proceedings.'" Ketchale v. Unger. Superior Court, Judicial District of New Haven, docket no. 39218 (July 15, 1998, Levin, J.). See, also Casey v.Allegheny Teledyne Inc., Superior Court, Judicial District of New CT Page 5418 London, docket no. (August 23, 2001, Koletsky, J.); Vaillant v. City ofNorwalk. Superior Court, Judicial District of Stamford, docket no. 0150977 (August 14, 2000, Karazin, J.).
Having reviewed the decisions, both in favor of construing the language in section 52-102b as mandatory and opposed to such interpretation, this court joins the majority of Superior Courts which have addressed the issue. Relying principally on the reasoning found in the decisions by Judges Blue, Corradino, and Shapiro in Mazzola, Ortiz and Cooksley. this court concludes that the provisions of section 52-102b are mandatory and not directory. For this court "[t]he crucial consideration, at least in the context of the present case, is that Conn. Gen. Stat. Section52-102b (a) (d) set forth a statute of limitation for bringing new parties into the case. This is quite different from time periods controlling actions between persons who are already parties in the case. Statutes of limitations, by their very nature, set forth arbitrary — and, in the usual case, inflexible — deadlines for subjecting persons to litigation". Mazzola v. Yaghma, supra. Ultimately, this court found the reasoning in Ketchale, Casey and Valliant, though thought-provoking and interesting, unpersuasive. Therefore, this court holds that it does not have jurisdiction over the Apportionment Action because the Apportionment Complaint was filed more than 120 days after the return date.
For the foregoing reasons, the motion to dismiss is granted.
Angela C. Robinson-Thomas, Judge